THE ATTORNEY GENERAL
OF TEXAS
Gerald C. Mann                    AUSTIN 11, TEXAS
JXHXXXXXXXXXXXPERD
ATTORNEY GENERAL



Honorable Walter C. Woodward, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:                    Opinion No. 0-2323
                             Re:  Construction of Article 5001,
                                  Revised Civil Statutes of Texas,
                                  1925.

        This will acknowledge receipt of your letter of
May 2, 1940, in which you request the opinion of this depart-
ment on the above stated question.  We here set out the per-
tinent parts of your request:

        "Please refer to Article 5001, Texas Revised
    Civil Statutes, which reads as follows:

            "'Any such company may increase its
        capital stock at any time after the in-
        tention to so increase the capital stock
        shall have been ratified by a two-thirds
        vote of the stockholders, and after notice
        of the purpose to so increase the capital
        stock has been given by publication in some
        newspaper of general circulation for four
        consecutive weeks. No increase of capital
        stock in less amount than fifty thousand
        dollars is hereby authorized.'

        "We would like to be advised what is your con-
    struction of this Article insofar as it requires
    publication of the notice to increase the capital
    stock.  In other words, when is this notice of the
    purpose to increase the capital stock to be pub-
    lished, before or after the proposed capital stock
    increase has been ratified by a two-thirds vote
    of the stockholders of the Company?"

        Article 5001, supra, is found in Chapter 18, Title
78, of the Revised Civil Statutes of Texas.  This Article
applies to casualty insurance companies organized under such
chapter and is peculiar to this particular type of company.

The other chapters in Title 78, dealing with other types of insurance companies, as well as the general corporation laws of this State do not contain provisions similar to the one here being considered. This being true, it necessarily follows that we must look elsewhere for the procedure to be followed in increasing the capital stock by all companies other than those organized under Chapter 18, supra.

Article 1330, Chapter 3, Title 32, dealing with private corporations authorizes such corporations to amend their charters so as to increase their capital stock by providing:

> "The board of directors . . . may increase its
> authorized capital stock . . . when empowered to
> do so by a two-thirds vote of all its outstanding
> stock . . . at a special or called meeting for
> that purpose. . . ."

This article is silent as to the kind and character of notice required prior to a stockholders' meeting. We must necessarily look to the common law for guidance. Here, we find it a well-settled principle of law that no change can be made in the capital structure of any corporation except by a two-thirds vote of the outstanding stock pursuant to notice of a meeting called for that purpose. See Thompson on Corporations, 3rd Edition, Vol. 5, page 474, para. 3651; 18 Corpus Juris Secundum, 1230, para.544. Furthermore, the notice so required must state the purpose or nature of the business proposed to be transacted thereat. Ann. Cas. 1917 E.,1004.

A careful consideration of Article 5001, supra, leads us to the conclusion that the Legislature did not intend to substitute the published notice provided for therein for the personal notice required at common law, but intended that such published notice should be notice to the public of a contemplated increase in the capital stock of such corporation.

We therefore construe such article as requiring publication of the notice after the stockholders have met and voted to increase the capital stock. This holding is in line with the practice of this department over a long period of time of approving amendments to charters of Chapter 18 casualty companies.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By /s/ Lloyd Armstrong
                    Assistant

LA/AW/rt
APPROVED MAY 15,1940
/s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

(This opinion considered and
approved in limited conference)